IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Intel Corporation and McAfee, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Computer Protection IP, LLC,<br><br>Defendant. | CIVIL ACTION NO. ________<br><br>**INTEL CORPORATION AND MCAFEE, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMPLAINT**

For their Declaratory Judgment Complaint against Defendant Computer Protection IP, LLC ("CPIP"), Plaintiffs Intel Corporation ("Intel") and McAfee, Inc. ("McAfee") allege:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, that Intel's Trusted Execution and Cloud Integrity Technologies do not infringe claims 39 and 41-44 of U.S. Patent No. 8,468,591 ("the '591 patent"), which CPIP contends it owns, or any other claims of the '591 patent that CPIP might assert.

## PARTIES

2. Plaintiff Intel is a Delaware corporation that is headquartered at 2200 Mission College Blvd., Santa Clara, California.

3. Plaintiff McAfee, Inc. is a wholly-owned subsidiary of Intel that is headquartered at 2821 Mission College Blvd., Santa Clara, California.

4. Upon information and belief, Defendant CPIP is a limited liability company organized under the laws of the State of Georgia with a place of business at 6055 Southard Trace, Cumming, Georgia.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338, and 2201-02, based on the existence of an actual controversy between Intel and CPIP and between McAfee and CPIP arising from CPIP's allegations of patent infringement and licensing demands. In particular, there is an actual case or controversy about whether Intel and McAfee have infringed at least claims 39 and 41-44 of the '591 patent.

6. This Court has personal jurisdiction over CPIP by virtue of its sufficient minimum contacts with this forum. CPIP is organized and exists under the laws of Georgia with a registered agent for service of process in this district.

7. Venue is proper within this Judicial District under 28 U.S.C. § 1391 and 1400. Upon information and belief, Defendant CPIP has a place of business in this district.

## FACTS

8. On June 18, 2013, U.S. Patent No. 8,468,591, entitled "Client Authentication and Data Management System," issued from a PCT application filed on October 15, 2007. A copy of the '591 patent is attached and incorporated as Exhibit A.

9. The '591 patent lists Ariel Silverstone of Duluth, Georgia, as its sole named inventor. Upon information and belief, Silverstone was a resident of Georgia before and at the time the original application to which the '591 patent claims priority was filed with the USPTO.

10. The '591 patent further lists "Computer Protection IP, LLC of Cumming, Georgia" as the assignee of the patent. Upon information and belief, that entity is CPIP, the defendant in this action, which received an assignment of

all rights in the ’591 patent on May 16, 2014. The assignment was recorded with the USPTO on May 20, 2014.

11. Upon information and belief, Scott Horstemeyer and Peter F. Schoenthaler are attorneys who reside in the Northern District of Georgia. Horstemeyer prosecuted the ’591 patent, and Schoenthaler organized CPIP.

12. Intel is one of the world’s largest semiconductor chip makers. Intel designs, manufacturers and provides microprocessors, chipsets, software and services that are the foundation for computing. Intel-based platforms are used in products ranging from traditional PCs to high-performance servers.

13. Intel originally developed Trusted Execution Technology (sometimes referred to as “TXT”) years before the earliest filing date to which the ’591 patent attempts to claim priority. TXT can be used to provide hardware-based security for server and cloud computing platforms. Intel’s Cloud Integrity Technology is based on TXT.

14. Today, Intel’s TXT is used by leading providers of server systems, cloud computing solutions and software products.

15. McAfee, Inc. (“McAfee”) offers a variety of security software products and services for computers, servers and enterprise platforms. McAfee is a wholly-owned subsidiary of Intel.

16. Through counsel, CPIP sent McAfee a letter dated December 23, 2015, alleging:

> The Silverstone '591 patent, a copy of which is enclosed, covers methods and systems for performing a secured boot of a virtualized environment. For example, several claims of the '591 patent read on Intel's Trusted Execution Technology ("Intel TXT"), as demonstrated by the enclosed claim chart. According to publicly available records, McAfee, Inc., employs Intel TXT to ensure server security, and thus uses technology covered by the '591 patent.

17. As referenced in the above passage, CPIP's December 23, 2015 letter to McAfee enclosed a claim chart entitled "COMPARISON OF SELECTED METHOD CLAIMS FROM U.S. PATENT NO. 8,468,591 TO THE 'TRUSTED EXECUTION TECHNOLOGY' OFFERED BY INTEL." Throughout, the claim chart refers to McAfee's alleged use of Intel's TXT and Intel's Cloud Integrity Technology and explicitly alleges that "Intel TXT is an enabling technology that, at a minimum, induces infringement of Claim 39 from the '591 Patent." The claim chart similarly relied on Intel's TXT and Cloud Integrity Technology for claims 41-44 of the '591 patent.

18. CPIP's letter and claim chart to McAfee amount to an accusation that (i) McAfee has directly infringed the '591 patent by using Intel's Trusted Execution and Cloud Integrity Technologies, and (ii) that Intel has induced such alleged infringement.

19. CPIP's December 23, 2015 letter offered to license the '591 patent to McAfee but stated that the licensing terms would only remain available until February 17, 2016. The letter further stated that"[t]he day after the offer expires [CPIP] will file one or more lawsuits in United States District Court for infringement of the '591 patent." True and correct copies of CPIP's letter and claim chart are attached and incorporated as Exhibit B.

20. Through counsel, CPIP also targeted Intel customers. For example, an assertion letter dated December 23, 2015 to Super Micro Computer, Inc. uses language that is virtually indistinguishable from CPIP's assertion letter to McAfee:

> The Silverstone '591 patent, a copy of which is enclosed, covers methods and systems for performing a secured boot of a virtualized environment. For example, several claims of the '591 patent read on Intel's Trusted Execution Technology ("Intel TXT"), as demonstrated by the enclosed claim chart. According to publicly available records, Super Micro Computer, Inc. employs Intel TXT to ensure server security, and thus uses technology covered by the '591 patent.

21. The letter to Super Micro Computer included a copy of the same claim chart that CPIP sent to McAfee and suggested similar licensing terms that would only remain available until February 17, 2016. The letter to Super Micro Computer further stated that "[t]he day after the offer expires [CPIP] will file one or more lawsuits in United States District Court for infringement of the '591

patent." True and correct copies of the letter and claim chart sent to Super Micro Computer are attached and incorporated as Exhibit C.

22. On information and belief, CPIP has sent other similar letters and claim charts to other Intel customers, alleging infringement of the '591 patent based on such customers' use of Intel TXT and Intel Cloud Integrity Technology and inducement of such purported infringement by Intel.

23. CPIP's letters alleging (i) infringement of the '591 patent by Intel's customers and McAfee arising from the alleged use of Intel TXT and Cloud Integrity Technology and (ii) inducement of such purported infringement by Intel has given Intel a reasonable apprehension that CPIP will assert the '591 patent against Intel, McAfee, and Intel's customers.

24. CPIP's letters alleging infringement because McAfee has purportedly used Intel TXT has given McAfee a reasonable apprehension that CPIP will assert the '591 patent against McAfee.

25. CPIP's letters to Intel's customers and McAfee demanding that they take licenses and threatening to file suit under the '591 patent if they refuse has created an actual and justiciable controversy between Intel and CPIP and between McAfee and CPIP of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Intel's TXT and Cloud Integrity Technology as

allegedly used by McAfee and by Intel's customers infringes the '591 patent, including at least claims 39 and 41-44, and whether Intel has induced such purported infringement.

**COUNT ONE**
**<u>Declaratory Judgment of Non-Infringement of the '591 Patent</u>**

26. Intel incorporates paragraphs 1 to 25 above.

27. Upon information and belief, CPIP is the current assignee of the '591 patent.

28. As set forth above, an actual and justiciable controversy exists between CPIP and Intel and between CPIP and McAfee whether Intel's customers and McAfee have directly infringed the '591 patent by using or incorporating Intel's Trusted Execution and Cloud Integrity Technologies in products sold, used, offered for sale or imported into the United States, and whether Intel has indirectly infringed the patent.

29. Intel and McAfee maintain that Intel's customers and McAfee have not infringed, directly or indirectly, either literally or under the doctrine of equivalents, claims 39 and 41-44 of the '591 patent or any other claims that CPIP might assert through the manufacture, use, sale, offer to sell, and/or importation of products that incorporate or use Intel's Trusted Execution and Cloud Integrity Technologies. Intel further maintains that it has not induced any such alleged

infringement based on Intel's TXT or Cloud Integrity Technology. Among other examples, the use of Intel's TXT and Cloud Integrity Technology does not satisfy the final paragraph of claim 39 of the '591 patent, which the dependent claims 41-44 also require.

30. Under 28 U.S.C. §§ 2001-02, Intel and McAfee seek a judicial declaration that the manufacture, use, sale, offer to sell, or importation of products that incorporate, enable or use Intel's Trusted Execution or Cloud Integrity Technologies do not infringe claims 39 and 41-44 of the '591 patent or any other claims that CPIP might assert and that Intel has not induced any such purported infringement.

## PRAYER FOR RELIEF

31. **WHEREFORE**, Plaintiffs Intel Corporation and McAfee, Inc. respectfully request that this Court enter a judgment against Defendant Computer Protection IP, LLC as follows:

a. Declaring that the manufacture, use, offer for sale, sale, and/or importation of products that use or incorporate Intel's Trusted Execution or Cloud Integrity Technologies, has not infringed, directly or indirectly, and either literally or under the doctrine of

equivalents, claims 39 and 41-44 of the ’591 patent or any other claims that CPIP might assert;

b. Declaring that McAfee and Intel are not liable for infringement of claims 39 and 41-44 of the ’591 patent or any other claims that CPIP might assert;

c. Preliminarily and permanently enjoining CPIP, its agents, representatives, employees and attorneys and all those acting in concert or participation with them from falsely representing or suggesting to any of Intel’s prospective or present affiliates, customers, sellers, dealers, distributors or suppliers, either orally or in writing, that Intel’s Trusted Execution or Cloud Integrity Technologies infringes the ’591 patent;

d. Declaring that this an exceptional case under 35 U.S.C. § 285;

e. Awarding Intel and McAfee their attorneys’ fees and costs; and

f. Granting such other and further relief as this Court deems just and proper.

Dated: February 11, 2016

Respectfully Submitted,

*/s/ Kirk W. Watkins*
Kirk W. Watkins, Bar No. 740550
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW
Suite 2400
Atlanta, Georgia 30363
kwatkins@wcsr.com
Telephone: 404 888-7414
Facsimile: 404 870-4836

Chad S. Campbell
(*Pro hac vice to be filed)*
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
cscampbell@perkinscoie.com
Telephone: 602-351-8393
Fax: 602-648-7193

Ryan J. McBrayer
(*Pro hac vice to be filed)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
rmcbrayer@perkinscoie.com
Telephone: 206-359-8000
Fax: 206-369-9000

Attorneys for Plaintiff s
INTEL CORPORATION AND
MCAFEE, INC.